Filed 9/10/25  P. v. Collins CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C102048 |
| Plaintiff and Respondent, | (Super. Ct. No. 98883) |
| v. | |
| JAMES COLLINS, | |
| Defendant and Appellant. | |

A jury found defendant James Collins guilty of multiple sexual assault charges. The trial court sentenced him to 120 years in state prison, including a one-year term under Penal Code section 667.5, subdivision (b).[1]  On appeal from his resentencing under section 1172.75, Collins argues the trial court erred in resentencing him to the upper term on the principal count and denied his right to have a jury determine the facts, thereby violating his due process rights, Sixth Amendment rights, and right to equal protection. We shall affirm.

_____

[1] Undesignated statutory references are to the Penal Code.

1

BACKGROUND

In 1990, a jury found Collins guilty of 13 counts of oral copulation (§ 288a, subd. (c)); one count of sexual battery (§ 243.4); five counts of penetration with a foreign object (§ 289, subd. (a)); one count of rape (§ 261, subd. (2)); and one count of sodomy (§ 286). The jury also found true several enhancements under sections 12022.3, 12022.7, and 12022.8. The trial court found true a serious felony enhancement (§ 667, subd. (a)) and a prior prison term enhancement (§ 667.5, subd. (b)).

The trial court sentenced Collins to 120 years in state prison, which included, as relevant here, the upper term of eight years on the oral copulation count (count seven) (§ 288a, subd. (c)), and a one-year sentence for the prior prison term enhancement (§ 667.5, subd. (b)).

The Department of Corrections and Rehabilitation identified Collins as eligible for resentencing under section 1172.75 based on his one-year section 667.5, subdivision (b) enhancement. The prosecution agreed the trial court should dismiss the prior prison term enhancement but otherwise argued the court should leave the rest of the sentence intact. Collins asked the trial court to strike the enhancements under sections 667, subdivision (a); 667.5, subdivision (b); 12022, subdivision (b); 12022.3, subdivision (a); 12022.7; and 12022.8. Collins also argued that under section 1170, subdivision (b), he could be sentenced to no more than the middle term for count seven and the middle term for its enhancement.

The trial court held a resentencing hearing and dismissed the one-year prior prison term enhancement but did not otherwise change Collins's sentence. Collins filed a timely notice of appeal in September 2024. His opening brief was filed in March 2025, and this case became fully briefed on May 20, 2025.

2

Collins argues he was deprived of the right to have a jury decide whether he should be sentenced to the upper term under section 1170, subdivision (b), and thus was deprived of due process, equal protection, and his Sixth Amendment rights. He acknowledges this court has already decided the issue against him in *People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, but asks us to reject that decision in favor of *People v. Gonzalez* (2024) 107 Cal.App.5th 312. We decline to do so.

Under section 1172.75, a person currently serving a term for a prior prison term enhancement imposed before January 1, 2020 (with exceptions not relevant here), is entitled to recall of the sentence and resentencing, as such enhancements have been declared legally invalid. (§ 1172.75, subds. (a)-(c).) Section 1172.75, subdivision (d)(2), provides that the resentencing court "shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." Section 1172.75, subdivision (d)(4), provides that in resentencing proceedings pursuant to this section, "[u]nless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."

In *Brannon-Thompson*, a different panel of this court concluded section 1172.75, subdivision (d)(4) "carves out an exception to the general rule that all ameliorative changes to the law must be applied at a section 1172.75 resentencing and does not require aggravating factors to be found true beyond a reasonable doubt if the upper term was previously imposed." (*People v. Brannon-Thompson*, *supra*, 104 Cal.App.5th at p. 458.) The court explained that, giving this provision's language its plain meaning, "it is evident

3

the Legislature intended the new burden of proof amendments to section 1170, subdivision (b) apply only if the trial court is imposing the upper term for the first time at a section 1172.75 resentencing." (*Id.* at pp. 466-467.)

Under *Brannon-Thompson*, the trial court here could reimpose the upper term for the oral copulation conviction at the section 1172.75 resentencing without relying on aggravating circumstances, because the upper term had already been imposed. Accordingly, the trial court did not err in sentencing Collins to the upper term based on aggravating circumstances not proven in accordance with section 1170, subdivision (b).

Collins urges us to find that *Brannon-Thompson* was wrongly decided and to instead follow *People v. Gonzalez* (2024) 107 Cal.App.5th 312.[2] In *Gonzalez*, the court acknowledged "that the plain language of section 1172.75, subdivision (d)(4), on its face, could be interpreted as not requiring proof of aggravating factors before reimposing an upper term sentence." (*Id.* at pp. 328-329.) But the court ultimately adopted a different interpretation, reasoning that *Brannon-Thompson*'s plain language understanding of the statute would violate the Sixth Amendment. (*Gonzalez*, at pp. 329-331.) The court explained that "reading an exemption into section 1172.75, subdivision (d)(4) . . . and thereby allowing a court to resentence a defendant to an upper term sentence without proof beyond a reasonable doubt of aggravating factors, would run afoul of the Sixth Amendment implications identified in [*People v. Lynch* (2024) 16 Cal.5th 730, 768]." (*Id*. at p. 330.)

---

[2] Our Supreme Court has granted review in *People v. Eaton* (2025) (Mar. 14, 2025, C096853) [nonpub. opn.], review granted May 14, 2025, S289903, to resolve the split between *Brannon-Thompson* and *Gonzalez*: whether section 1172.75, subdivision (d)(4), permits a trial court to reimpose an upper term sentence where the facts underlying one or more aggravating circumstances were neither stipulated to by the defendant nor found true beyond a reasonable doubt by the factfinder.

We respectfully disagree with the *Gonzalez* court's analysis. Under the Sixth Amendment, "any fact that exposes a defendant to a greater potential sentence must be found by a jury, not a judge, and established beyond a reasonable doubt." (*Cunningham v. California* (2007) 549 U.S. 270, 281.) There is no dispute that, under *Lynch*, the additional factual determinations required to impose the upper term under section 1170, subdivision (b) implicate the Sixth Amendment jury trial right. As our Supreme Court explained, "under the current statute the aggravating facts used to 'justify' an upper term sentence are 'necessary to [its] imposition,' [citation] and effectively function like elements of a crime." (*People v. Lynch* (2024) 16 Cal.5th 730, 760, 768.) But *Brannon-Thompson* interpreted section 1172.75, subdivision (d)(4) as carving out an exception to the factfinding requirements of section 1170, subdivision (b). And because those requirements do not apply when reimposing the upper term at a section 1172.75 resentencing, the Sixth Amendment is not implicated. (See *Lynch*, at p. 759 ["It is the requirement of additional factfinding that brings the Sixth Amendment into play"]; see also *id.* at p. 756 ["[I]n this context, what the Sixth Amendment requires is necessarily informed by what the state statutory scheme requires"].)

Collins also contends the statute must be read to require jury findings in order to avoid a violation of equal protection principles. In his view, the People's reading of the provision impermissibly discriminates against defendants resentenced under section 1172.75, while giving defendants resentenced under other statutes—such as sections 1172.1 and 1170.18—the benefit of section 1170's factfinding requirements. He nowhere explains, however, why the Legislature could not rationally limit section 1170's

requirements to certain classes of defendants.  Accordingly, we do not further consider the argument.

DISPOSITION

The judgment is affirmed.


_____/s/_____<br>
BOULWARE EURIE, J.

We concur:


_____/s/_____<br>
MAURO, Acting P. J.


_____/s/_____<br>
FEINBERG, J.